WIDENER, Circuit Judge,
concurring in the result:
I concur in the result but not for the reasons expressed by the majority. Rath *586 er, I think the bankruptcy court had the correct solution the first time it considered the matter. I think that attorneys’ fees should be governed by state law, but giving the required notice would be futile.
Not a letter of the Senate version of the bill was changed from the time of its Committee Report to the adoption of the bill. Thus, the statement of the Committee to the effect that state law controls and the statement by the manager of the bill that federal law controls are necessarily inconsistent. I think the Committee Report should govern.
I suggest that this is a case in which we should apply the reasoning of Justice Jackson in his concurring opinion in Schwegmann Brothers v. Calvert Co., 341 U.S. 384, 71 S.Ct. 745, 95 L.Ed. 1035 (1951), in which he said that the “[r]esort to legislative history is only justified where the face of the Act is inescapably ambiguous, and then I think we should not go beyond Committee reports, which presumably are well considered and carefully prepared.” 341 U.S. at 395, 71 S.Ct. at 751.
I realize there is authority for considering statements of spokesmen for the Committees of Congress. Duplex Printing Co. v. Deering, 254 U.S. 443, 41 S.Ct. 172, 65 L.Ed. 349 (1921) so holds. But in Duplex the printed committee reports were “not explicit with respect to the meaning of the ... clause [in question]_” 254 U.S. at 475, 41 S.Ct. at 179.
In the case before us the Senate Committee Report was explicit and I do not think we should go beyond it. See Sutherland, Statutory Construction (Sands, 4th Ed., 1984) § 48.06, cf. § 4814.